UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

| | |
|---|---|
| ROSCOE, LLC and | Case No.: 12-15391-RBR |
| BIMA II, LLC | Case No.: 12-15393-RBR |
| | |
| | Chapter 7 |
| Debtors. | Jointly Administered Under |
| _____ / | Case No. 12-15391-RBR |

KENNETH A. WELT,
CHAPTER 7 TRUSTEE,

    Plaintiff,
v.

ALBERT L. MASTERS, C.P.A., P.A.         Adv. Pro. No. 14-_____-BKC-RBR

    Defendant.
_____/

**COMPLAINT TO AVOID AND RECOVER
PREFERENTIAL TRANSFERS**

Kenneth A. Welt, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") for Roscoe, LLC and BIMA II, LLC (together, the "Debtors"), pursuant to Sections 502(d), 547(b) and 550(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure, files this Adversary Complaint to avoid and recover preferential transfers made to or for the benefit of Defendant Albert Masters, C.P.A., P.A. (the "Defendant") and alleges:

**THE PARTIES, JURISDICTION, AND VENUE**

1. On March 5, 2012, the Debtors each filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2. On July 10, 2012, this Court entered an Order converting the Debtors' cases to

Chapter 7 proceedings. On the same day, the Office of the United States Trustee appointed Kenneth A. Welt as the Debtors' Chapter 7 Trustee.

3.  The Plaintiff has been appointed Chapter 7 Trustee for the estate of each of the Debtors and in that capacity has the authority to pursue, litigate or settle this adversary case.

4.  The Defendant is a Florida entity authorized to conduct business in the State of Florida or otherwise has had minimum contacts with State of Florida.

5.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O), and the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court in accordance with Fed. R. Bankr. P. 7008(a).

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1409.

7.  All conditions precedent to the filing of this action have been performed, waived, satisfied or have occurred.

## FACTS COMMON TO ALL CLAIMS

8.  Prior to the Petition Date, Roscoe, LLC operated a restaurant enterprise known as "Shooters Waterfront Cafe" and "Bootleggers" located at 3033 NE 32nd Ave, Fort Lauderdale, FL 33308. Bima II, LLC owned the real property on which Roscoe, LLC operated its business. Subsequent to the Petition Date, and prior to the sale of the Debtors' business and real property [*see* ECF No. 270], the Trustee operated the Debtors' business pursuant to the provisions of the 11 U.S.C., *et seq*. (the "Bankruptcy Court") and the orders of this Court.

9.  On or within ninety (90) days prior to the Petition Date, the Defendant received one or more transfers from a bank account owned by Roscoe, LLC, including, but not necessarily limited to, those identified in **Exhibit A** (the "Transfers"). Exhibit A details the Defendant's name, the check number or wire for each of the Transfers (unless such Transfer was an EFT

transaction), the date for each of the Transfers, and the amount for each of the Transfers. Each of the Transfers listed on Exhibit A was made from a bank account that was property of Roscoe, LLC.

## COUNT I
### AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(B) AND 550(A)

Plaintiff sues Defendant and alleges:

10. Plaintiff repeats and realleges each and every allegation in Paragraphs 1 through 9 as if fully set forth herein.

11. This is an action by Plaintiff against Defendant to avoid and recover preferential transfers made to or for the benefit of Defendant pursuant to 11 U.S.C. §§ 547(b) and 550(a).

12. The Transfers at issue constituted transfers of Roscoe, LLC's interest in property.

13. The Transfers were made:

    a. to or for the benefit of the Defendant, who, at all relevant times, was a creditor of Roscoe, LLC;

    b. for or on account of an antecedent debt owed by Roscoe, LLC to the Defendant before such Transfers were made; and

    c. while Roscoe, LLC was insolvent.

14. The Transfers to the Defendant enabled the Defendant to receive more than it would have received if:

    a. this case were a case under Chapter 7 of the Bankruptcy Code;

    b. the Transfers had not been made; and

    c. the Defendant received a payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

15. By reason of the foregoing, the Transfers are avoidable by Plaintiff on behalf of the estate pursuant to 11 U.S.C. § 547(b).

16. Plaintiff is entitled to recover the amount or value of the Transfers from the Defendant pursuant to 11 U.S.C. § 550(a).

WHEREFORE, Plaintiff demands the entry of judgment against the Defendant: (i) avoiding the Transfers to the Defendant pursuant to 11 U.S.C. § 547(b); (ii) awarding a money judgment to Plaintiff in an amount equal to the amount of the Transfers pursuant to 11 U.S.C. § 550(a); (iii) awarding pre-judgment interest; (iv) disallowing any claim that the Defendant may have against the Debtors' bankruptcy estates until such time as the Defendant pays the Transfers asserted herein as provided in 11 U.S.C. § 502(d); and (v) awarding any other relief the Court deems appropriate.

Dated on this 16th day of January, 2014.

>GENOVESE JOBLOVE & BATTISTA, P.A.
>*Counsel for Plaintiff*
>Miami Tower, 44th Floor
>100 S.E. Second Street
>Miami, Florida 33131
>Tel.: (305) 349-2300
>Fax.: (305) 349-2310
>
>By: /s/ Michael L. Schuster
>    Glenn D. Moses, Esq.
>    Florida Bar No. 174556
>    Email: gmoses@gjb-law.com
>    Michael L. Schuster, Esq.
>    Florida Bar No. 57119
>    Email: mschuster@gjb-law.com

| Defendant | Check #, Wire or ACH | Check Date | Clear Date | Amount |
|---|---|---|---|---|
| Albert L. Masters, CPA, P.A. | 39319 | 12/15/2011 | 01/05/2012 | $4,400.00 |
| Albert L. Masters, CPA, P.A. | 39600 | 02/20/2012 | 02/24/2012 | $2,200.00 |
| Albert L. Masters, CPA, P.A. | 39630 | 02/22/2012 | 02/24/2012 | $4,400.00 |
| Albert L. Masters, CPA, P.A. | 39642 | 02/27/2012 | 03/05/2012 | $2,200.00 |
| Albert L. Masters, CPA, P.A. | 39681 | 02/29/2012 | 03/08/2012 | $2,200.00 |
| | | | **Total Transfers** | **$15,400.00** |

**Exhibit A**